The lessors of the plaintiff claimed title under the will of Henry Hampton, Sr., made in the year 1831, devising to them his Home plantation. In the year 1801 Henry Hampton, Sr., acquired title to a tract of land in Surry County, and in 1805 an act of the Legislature (141) was passed, which, after reciting that Henry Hampton, Sr., had signified to the Legislature that he wished fifty acres of the said tract laid off for a town to be called Hamptionville, enacts that the said fifty acres shall be laid off by five commissioners (of whom Henry Hampton, Sr., was one), one-half in town lots and the other half to remain a town common; and that the said commissioners shall have an indefeasible title in the said fifty acres, with power to appoint their successors and to convey titles in fee simple. In the same year the said commissioners, Henry Hampton, Sr., being present and assisting, laid off the said town within the boundaries of the said tract and sold the lots; and various persons having purchased lots from them resided in the village, claiming the lots so purchased as their own from the year 1805 until the time of trial. The dispute was concerning two of the lots so originally laid off within the bounds of the said town, the lessors of the plaintiff claiming them as part of the home plantation of Henry Hampton, Sr., and as passing under the clause in his will devising to them that plantation.
The defendant exhibited no written title to himself from the said commissioners or anyone else, but he proved that three of the original commissioners were still alive, and by one of these he proved that he, the defendant, was in the actual possession and occupation of these lots before and at the death of Henry Hampton, Sr., and that he had been in constant possession more than seven years before the commencement of this action. It further appeared that Henry Hampton, Sr., had resided within one hundred yards of the town of Hamptonville, on the tract which he had purchased in 1801, from that time until his death, and it did not appear that he had ever set up claim to or exercised ownership over, any of the town lots as his home tract, or as part of his plantation. *Page 112 
His Honor held that the act of Assembly reciting that it was made by the consent of Henry Hampton, Sr., was constitutional, and that, even if it were not, actual adverse possession under it for more than seven years would give the defendant a valid title as against the lessors of the (142) plaintiff. That the title, by the act, vested in the commissioners, the survivors of whom might maintain an action, but that the lessors of the plaintiff, claiming under the will, could not. There was a verdict and judgment for the defendant, and the lessors of the plaintiff appealed.
Whether the statute by itself, or that together with the acts done under it, did or did not divest the title out of Henry Hampton we are very clearly of opinion that the land so laid off for a town was thereby severed from the whole tract or "home plantation," so as not to pass under that description in the devise. No part of the town tract was ever afterwards called or occupied by the testator as a part of his plantation; but it was called, known, and occupied as Hamptonville. This continued for twenty-six years before the date of the will. There is no claim even, or anything else, to raise the slightest presumption of a reunion of the village to the farm or "plantation," or to bring the village within the will.
Although we do not perceive any such doubt in the other questions as would induce much hesitation in the decision of them, yet as the judgment on the one point puts an end to all interest in the lessors of the plaintiff under the will, those questions must be left open until the heirs at law shall choose to raise them.
PER CURIAM. Judgment affirmed.